IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GEORGE YARID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:14CV112–HEH |
| ) | |
| LAYTON HARMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER
### (Denying Plaintiff's Motion for Reconsideration)

THIS MATTER is before the Court on Plaintiff's Motion of Reconsideration (ECF No. 4), filed on April 8, 2014. Plaintiff moves the Court to reconsider its order filed on March 27, 2014, whereby his application to proceed *in forma pauperis* was granted, and his Complaint was dismissed. The Court dismissed Plaintiff's Complaint upon finding it to be too vague and conclusory to state a claim and appearing frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The Court will address Plaintiff's Motion for Reconsideration as a motion made pursuant to Rule 59(e).

---

[1] As the Court explained in its previous order, *pro se* complaints are afforded a liberal construction, however the court is not required to "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Liberally construing a pleading cannot redeem a complaint that fails to allege a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

The Court has limited authority to consider a Rule 59(e) motion. "Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." *Zinkland v. Brown*, 478 F.3d 634, 637 (2007) (citation omitted). The Fourth Circuit has cautioned that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). However, "mere disagreement" with the Court's opinion does not rise to the level of clear error and cannot support a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993) (citation omitted). Plainly, the "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)).

Plaintiff alleges that the Court committed error by dismissing his Complaint. Bearing in mind the high threshold required for its consideration, the Motion must be denied. In the Motion, Plaintiff again alleges the same arguments asserted in the underlying Complaint. He does not, however, point to a clear error in judgment by the Court. His stated purpose in pursing the claim is to prevent several defendants from interfering with his intellectual property. But as this Court has previously found in two previous cases where Plaintiff brought precisely similar actions, the allegations in their

2

current state do not provide a sufficient foundation to proceed with the case.[2] Therefore, upon due consideration, Plaintiff's Motion is DENIED.

Pursuant to Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure, should Plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

The Clerk is directed to send a copy of this Order to Plaintiff, who is *pro se*.

It is so ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: April 18, 2014
Richmond, VA

---

[2] *See Yarid v. Harman, et al.*, No. 3:12cv237-JRS (E.D. Va. Oct. 9, 2012); *Yarid v. Gibson, et al.*, No. 3:10cv143-JRS (E.D. Va. April 2, 2010), *aff'd*, 2010 U.S. App. LEXIS 20791, at *1 (4th Cir. 2010) (per curiam) (unpublished).

3